UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CRYSTAL DAVIS o/b/o T.W., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15-CV-1034-ERW-SPM |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| ) | |
| Defendant. ) | |

# REPORT AND RECOMMENDATION

This case is before the undersigned on Acting Commissioner Carolyn W. Colvin's ("the Commissioner's") Motion to Reverse and Remand the case to the Commissioner for further administrative action pursuant to sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). (Doc. 26). Counsel for Plaintiff has filed a response stating that Plaintiff has no objection to the motion. (Doc. 27). This matter was referred to the undersigned United States Magistrate Judge for review and a recommended disposition pursuant to 28 U.S.C. § 636(b). (Doc. 7). The undersigned recommends that the Commissioner's motion be granted.

Plaintiff is a minor under the age of 18. On or about July 31, 2012, Plaintiff's mother filed, on behalf of Plaintiff, an application for Supplemental Security Income under Title XVI of the Social Security Act. (Tr. 120). The claim was initially denied. (Tr. 70-74). On January 31, 2014, following a hearing, an Administrative Law Judge found that Plaintiff was not disabled as defined in the Social Security Act. (Tr. 9-25). On April 27, 2015, the Appeals Council of the Social Security Administration denied Plaintiff's request for review. (Tr. 1-3). On July 1, 2015, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision that Plaintiff was not disabled within the meaning of the Social Security Act. (Doc. 1). On September 3, 2015, the

Commissioner filed her answer and the transcript of the administrative proceedings. (Docs. 15, 16).

On December 4, 2015, Plaintiff filed a brief in support of the Complaint, arguing that the ALJ erred by using an "averaging" technique to assess Plaintiff's limitations within the relevant functional domains, a method Plaintiff argues is inconsistent with both 20 C.F.R. § 416.927 and Social Security Ruling ("SSR") 09-1p. Plaintiff also argues that the ALJ did not evaluate Plaintiff's teachers' opinions in the manner described by SSR 06-3p, which provides that "other source" opinion evidence (such as opinions from teachers) can be evaluated by considering the factors set forth in 20 C.F.R. § 416.927.

The Commissioner did not file a response brief. Instead, on February 10, 2016, the Commissioner filed the instant motion to reverse and remand the case to the Commissioner for further action under sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), which permits the Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Commissioner states the necessity for remand was not discovered until the case reached her legal counsel for briefing and that remand would expedite administrative review, would ensure that the Commissioner properly considers Plaintiff's claims, and could make judicial review unnecessary. The Commissioner further states that after reviewing the case, she requested that the Appeals Council of the Social Security Administration reconsider the Commissioner's decision, and that "upon receipt of the Court's remand order, the Appeals Council will remand this case to the Administrative Law Judge (ALJ) who will be directed to reconsider the teacher questionnaires from Alfreda May and Tony Edwards (Exhibits

7E and 8E) and evaluate Plaintiff's limitations in each of the six functional domains without employing averaging techniques." Def's. Mot. to Reverse and Remand, Doc. 26, at 1.

Upon review of Plaintiff's brief in support of the Complaint, the ALJ's decision, and the Commissioner's motion, the undersigned agrees with the parties that this case should be reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), so that the ALJ can reconsider the teacher questionnaires at issue and reevaluate Plaintiff's limitations in a manner that is consistent with the relevant rules and regulations.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Commissioner's Motion to Reverse and Remand (Doc. 26) be **GRANTED** and that this case be **REVERSED** and **REMANDED** for reconsideration and further proceedings consistent with the Commissioner's motion to reverse and remand.

The parties are advised that they have 14 days to file written objections to this Report and Recommendation. The failure to file timely written objections may waive the right to appeal issues of fact.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of March, 2016.